## G & G Mobile Home Sales v. Godfrey

*Kirby L. Boring*, for plaintiff.
*Daniel L. Chunko*, for defendants.

SWEET, *P.J.*, August 31, 1979—In this case we are confronted with a question which was bound to arise some day under the Mobile Home Park Rights Act:[1] how does it adjust to the general law of landlord and tenant?

In the instant case, it seems that Janet and Donald Godfrey leased Lot 28 of a mobile home park called Hidden Valley Estates. This is on R. D. 1, Candor Road, Bulger, Pa., probably in Robinson Township.

In July 1976, according to the district attorney's brief, these people entered into a lease signed by Janet which provided for a month-to-month term. The lease was written for a mobile home park situation and appears on Form 910, Jenkins Mobilehome Printers, Mascoutah, Ill. However, it makes no reference to the Mobile Home Park Rights Act because this was not signed until November 24, 1976 and

---

1. Act of November 24, 1976, P.L. 1176, 68 P.S. §398 et seq.

effective 60 days later which would be in January 1977. The mobile home park owner brought an ordinary action as the landlord for the recovery of premises.

The landlord alleged that on November 9, 1978 it had leased Lot 28 of Hidden Valley Estates by an instrument dated July 31, 1976 for a month-to-month term. "Be advised that my client will not renew your lease as of January 3, 1979. Your lease will terminate on January 2, 1979 and will under no circumstances be renewed." The attorney's letter went on to cite The Landlord and Tenant Act of 1951.[2]

The magistrate found for defendant, so action was brought here on an appeal. The district attorney, pursuant to provisions of the Mobile Home Park Rights Act, came in and demurred when plaintiff pled over. He argues that there is no compliance with the Mobile Home Park Rights Act.

This act at 68 P.S. §398.3(a)(1) through (4) limits the reasons for *eviction* from a mobile home park. These are nonpayment of rent, violation of rules, change in the use of the park land or parts thereof, and termination of the park.

It would seem that the short answer to the demurrer is that the Mobile Home Park Rights Act was not in force when the leasehold commenced and that as a pleading under The Landlord and Tenant Act of 1951, the demurrer has no merit. However, it may be alleged that all mobile home park leases[3] became subject to the Rights Act upon

---

2. Act of April 6, 1951, P.L. 69, 68 P.S. §250 et seq.

3. We should be careful to note that this does not deal with the rental of a mobile home by an owner of the "trailer." This is possession of the space on which a mobile home, owned by the occupant, stands.

its effective date, much as in 1946, all leases became subject to the Federal Rent Control.

In order to decide whether the act is applicable, we have to ask two questions. First, does the mobile home act have a shortfall in that it fails to provide any method for the recovery of premises at the expiration of the term. This logically pushes us to the question, is "recovery of the premises" by the landlord at the expiration of the term an "eviction"? Although lay persons may think such a recovery is an eviction, and so speak of it, they are different. An eviction is the termination of the leasehold interest before the end of the term for a breach of one of the conditions of the lease.

In 2 Stern's Trickett on the Law of Landlord and Tenant, the standard book in the field, it is stated in section 448: "Neither the earlier acts nor the Act of 1951 deals with the substantive law as to when a landlord has a right to *evict* a tenant." (Emphasis supplied.) This footnotes Warren v. Philadelphia, 382 Pa. 380, 115 A. 2d 218 (1955). In section 453, it says: "Where the termination of the lease is based on a forfeiture for nonpayment of rent or other justifiable cause, the courts have determined the respective rights of the parties on the substantive law without regard to the procedural requirements of Section 501 of the Act of 1951."

It is plain from a reading of the relevant sections of Stern's Trickett that eviction and action for recovery of premises are separate and exclusive remedies.[4]

---

4. Much of the learning on eviction has to do with the various wrongful things a landlord can do to a tenant which amount to an eviction to the tenant wrongfully and which give rise to liability by the landlord. The analogy between these and the wrongful acts which a mobile park owner may commit in ousting tenants during their term seems obvious.

If the act is read so as to forbid an action for recovery of premises at the end of the term, one is inclined to wonder if the legislature was within its authority in making such a restriction retroactive. Giving the Mobile Home Park Rights Act the construction sought by defendant here means that all leases in effect at the time the act was passed and became effective are indeed "perpetual."

One is inclined not to credit the legislature with such intent. I have very grave doubts as to the constitutionality of the act, if it is to be deemed retroactive and to forbid by implication the recovery of premises at the end of the term.

The other way to look at it is to see if the constitutionality of the act can be salvaged. We can do this rather easily by holding that the provisions of the Act, 68 P.S. §398.3(a)(1) through (4), are grounds for eviction, and recognize that expiration of the term is another thing altogether.

It is easier to do this because of two things which are said in the Rights Act. Section 398.6, disclosure of fees, says: "However, rent shall not be increased *during the term of the lease.*" (Emphasis supplied.)

Section 398.16, retaliatory evictions, says this: "Any action by a mobile home park owner or operator to *recover possession of real property* from a mobile home park resident or to change the lease within six months of a resident's assertion of his rights under this act or any other legal right shall raise a presumption. . . ." (Emphasis supplied.) Observe the phrase, even though it is split, "action . . . to recover possession of real property."

These two usages quoted immediately hereinbefore seem to me to mean that there is such a thing as "the term of the lease" and that the legislature was

aware that an action to recover real property at the expiration of the term is a different thing from an eviction.

Read that way, section 398.3, evictions, is not germane to our case since it deals solely with recovery of possession *before* the end of the term.

One prefers to construe the Rights Act in that way so as to avoid the complex questions of retroactivity and constitutionality which would come up if we treated this as applicable to mere recovery of premises at the end of the term.

There is no doubt that the legislature has the right to limit the grounds for eviction, at least prospectively. It is not good adjudicative technique to read into the legislature's intent a purpose to abolish the right of the landlord to recover his premises at the expiration of the term, in the absence of language from which such an abolition may be clearly inferred.

Having this view of the matter, we dismiss the preliminary objections and move the case on by directing defendant, represented here by the district attorney, to answer.

It may be argued on social policy grounds that this action has driven a "loophole" in the act here and that the savage provisions which were designed to discipline mobile home park owners will be weakened by granting them the right to recover their premises at the expiration of the lease. The policy answer to this is that if such a right does not inhere in the landlord, all mobile home park leases are perpetual with certain narrow exceptions. Whether the legislature can do this or not, we will leave for another case.

Believing accordingly, we are constrained to issue the following order: Defendant will answer the averments of the complaint within 20 days.